# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**

**Dec 04, 2020**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of )
)
)
2000 CLAY BANK ROAD APARTMENT R7, FAIRFIELD, )
CALIFORNIA 94533 )
)

Case No.     2:20-sw-1073 CKD

# SEALED

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____California_____ *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-2, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____12/4/2020_____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     November 20, 2020 at 11:21 am

*Judge's signature*

City and state:     Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## Return

| Case No.: 2:20-sw-1073 CKD | Date and time warrant executed: 12/02/2020 0600 | Copy of warrant and inventory left with: BRANDEY BOLTEN |
|---|---|---|

Inventory made in the presence of : SA BALASY

Inventory of the property taken and name of any person(s) seized:

APPLE iPHONE W/ CLEAR CASE

NOTHING FURTHER

## Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

/s/ Christopher Bailey

Subscribed, sworn to, and returned before me this date.

_Allison Claire_

**ALLISON CLAIRE**
**UNITED STATES MAGISTRATE JUDGE**

December 4, 2020
Date

## ATTACHMENT A-2

## Property to Be Searched





ATTACHMENT A-2



     The SUBJECT PREMISES is located at 2000 Clay Bank Road #R7, Fairfield, California 94533. The structure is a two-story, multiple-unit apartment building located inside the Avery Park apartment complex. The structure is blue-grey in color with white trim and a brown shingle roof. 2000 Clay Bank Road is located on Clay Bank Road between E Tabor Avenue and Meadowlark Drive. Building R is located adjacent to Clay Bank Road (pictured above). Apartment R7 is located on the second floor above Apartment R3. The front door faces Clay Bank Road and is maroon in color. The number "7" is affixed to the trim around the door in white letters on a blue-grey background.

     The premises to be searched include all rooms, attics, closed containers, and other places therein, the surrounding grounds, including storage areas, mailboxes, trash containers, out-

buildings, and sheds under the control of the occupant of the residence, which may contain any of the items of evidence described in Attachment B hereto.

This search shall include SUBJECT VEHICLES 1 through 3, detailed separately in Attachments A-3, A-4, and A-5) [Last sentence regarding other vehicles crossed out on agent's copy at CKD's direction.]

## ATTACHMENT B
### Particular Things to be Seized

All items constituting the evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and/or ammunition) including, but not limited to, the following:

1. Firearms, ammunition, firearm parts, and/or any modification equipment and/or tools used to manufacture and/or modify firearms, accessories and other weapons.

2. All other items relating to the possession, maintenance and use of firearms, including ammunition magazines, speed loaders, ballistic vests, spare firearms parts, holsters, cleaning kits, and all other documentation that relates to the possession, sale or transfer of firearms, including but not limited to photographs, receipts for the purchase or repair of firearms, firearm containers, carrying cases, and firearm boxes.

3. Any boxes, bags, briefcases, suitcases or containers used to carry or conceal the items described in paragraphs 1, 2, and 3 of Attachment B.

4. Documents, items, and indicia tending to establish the identity of persons in control of the premises/vehicles and/or things described in the warrants, including utility bills, rent receipts, canceled checks, bank and other financial statements and records, deposit receipts, passports, driver's licenses, social security cards, mail, automobile titles, and other identification documents, land and lease titles, escrow papers, photographs, video and audio records, and keys;

5. Documents, photographs, video recordings, audio recordings, communications, items and other indicia evidencing the possession, theft, purchase, or sale of firearms.

6. Items tending to establish the identity of the person in control of the SUBJECT PREMISES, and any items seized from the SUBJECT PREMISES, to include utility company receipts, mortgage or rent receipts, canceled mail, envelopes, keys, telephone bills, charge card receipts/statements, lease-rental or sale agreements or contracts, gas receipts, notebooks, photographs, videos, savings account passbooks, passports, diaries, notebooks, vehicle registrations and titles, land titles, escrow papers, legal documents, medical records, weapons with serial numbers, and personal clothing including shoes, pants and shirts.

7. Photographs or videos stored and/or maintained in either hard-copy format or within

digital cameras, cellular telephones/smartphones, video recorders, computers or other electronic recording devices, where such images/videos depict the subjects of the investigation with co-conspirators and/or depict other evidence listed herein and/or evidence of the identified violations;

8. Any computer equipment or digital devices that are capable of being used to commit or further the crimes further described in the attached Affidavit, or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes, including central processing units; laptop or notebook computers; tablets; wireless communication devices including cellular telephones and smartphones; portable electronic storage media; and security devices.

9. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

   f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law

enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.